FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

3007 MAY -2  '11 11: 13

U.S. DISTR   COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO.:

JAMES PATRICK BUCKLEY

           Plaintiff,

vs.

6-07-CV-752 - ORL-22DAB

BEN W. HOOFNAGLE d/b/a
PETLAND ORLANDO EAST and
GEOFFREY M. HOOFNAGLE d/b/a
PETLAND ORLANDO EAST,

           Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JAMES PATRICK BUCKLEY, (hereinafter referred

to as "Plaintiff"), by and through his undersigned counsel and sues the Defendants, BEN

W. HOOFNAGLE d/b/a PETLAND ORLANDO EAST and GEOFFREY M.

HOOFNAGLE d/b/a PETLAND ORLANDO EAST, (hereinafter referred to collectively

as the "Defendants"), and states as follows:

### INTRODUCTION

1.     This is an action by Plaintiff against his former employer for unpaid

wages, pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages and a

reasonable attorney's fee.

## JURISDICTION

2.     This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201, et. seq.  The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. Section 216(b).

## VENUE

3.     The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida.

## THE PARTIES

4.     From April 2006 to February 2007, Plaintiff was employed by Defendants, BEN W. HOOFNAGLE d/b/a PETLAND ORLANDO EAST and GEOFFREY M. HOOFNAGLE d/b/a PETLAND ORLANDO EAST as a manager at its business located in Orlando, Florida.

5.     BEN W. HOOFNAGLE d/b/a PETLAND ORLANDO EAST and GEOFFREY M. HOOFNAGLE d/b/a PETLAND ORLANDO EAST operate a pet supply store in Orlando, Florida. BEN W. HOOFNAGLE d/b/a PETLAND ORLANDO EAST and GEOFFREY M. HOOFNAGLE d/b/a PETLAND ORLANDO EAST, are an employer as defined by 29 U.S.C. Section 203(d).   The employer has employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where Plaintiff was employed.

6.     Plaintiff was an employee of and, at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. Section 206(a) and 207(a)(1).

7.      Alternatively, BEN W. HOOFNAGLE d/b/a PETLAND ORLANDO EAST and GEOFFREY M. HOOFNAGLE d/b/a PETLAND ORLANDO EAST, are an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1).

8.      Defendants, BEN W. HOOFNAGLE and GEOFFREY M. HOOFNAGLE were at all times material hereto, the owners of PETLAND ORLANDO EAST.

9.      Defendants, BEN W. HOOFNAGLE and GEOFFREY M. HOOFNAGLE at all times material hereto were acting directly or indirectly in the interest of PETLAND ORLANDO EAST in relation to Plaintiff's employment and were substantially in control of the terms and conditions of the employee's work and are therefore considered statutory employers under 29 U.S. C. 203(d).

10.     Plaintiff has retained the PANTAS LAW FIRM, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT II
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

11.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 10, above.

12.     Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not

compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

WHEREFORE, Plaintiff demands a judgment against Defendants, jointly and severally for the following:

(a)     Unpaid overtime wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

WHEREFORE, Plaintiff requests judgment against the Defendants, for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, along with a contingency fee multiplier, and such other and further relief as the court may deem proper.

**COUNT II**
**UNPAID WAGES - BREACH OF AN EXPRESS EMPLOYMENT CONTRACT**

13.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 4 and 10, above.

14.     Plaintiff and Defendants, BEN W. HOOFNAGLE d/b/a PETLAND ORLANDO EAST and GEOFFREY M. HOOFNAGLE d/b/a PETLAND ORLANDO EAST, entered into an oral employment agreement in April 2006.

15.     Pursuant to the parties' agreement Defendants agreed to compensate the Plaintiff at a rate of $9.00 an hour plus 5% commission of the store's total sales from

April 2006 to July 29, 2006 and $10.00 an hour plus 5% commission of the store's total sales from July 30, 2006 to February 2007.

16.     An essential term of the employment agreement was that Plaintiff would be paid for all work performed as per the terms of said agreement.

17.     Defendants, BEN W. HOOFNAGLE d/b/a PETLAND ORLANDO EAST and GEOFFREY M. HOOFNAGLE d/b/a PETLAND ORLANDO EAST, failed to pay Plaintiff all of the agreed upon compensation for work performed by the Plaintiff while he was an employee of Defendants, BEN W. HOOFNAGLE d/b/a PETLAND ORLANDO EAST and GEOFFREY M. HOOFNAGLE d/b/a PETLAND ORLANDO EAST.

18.     Plaintiff has been damaged due to Defendants' willful failure to pay Plaintiff the appropriate agreed upon wages/compensation.

19.     Plaintiff has retained counsel on a pure contingency fee and cost basis.

20.     Plaintiff requests that a contingency fee multiplier be applied.

21.     Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to costs of the action, a reasonable attorney's fee, and a contingency fee multiplier.

22.     All conditions precedent have occurred, have been waive or have lapsed.

WHEREFORE, Plaintiff requests judgment against the Defendants, BEN W. HOOFNAGLE d/b/a PETLAND ORLANDO EAST and GEOFFREY M. HOOFNAGLE d/b/a PETLAND ORLANDO EAST, for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, along with a contingency fee multiplier, and such other and further relief as the court may deem proper.

Dated: _5/1/07_

Respectfully submitted,

K.E. PANTAS, ESQ.
Bar No.: 0978124
PANTAS LAW FIRM, P.A.
250 North Orange Avenue
Eleventh Floor
Orlando, Florida 32801
Tel.: (407) 425-5775
Fax.: (407) 425-2778
E-Mail: Clerk@PantasLaw.com

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS:
JAMES PATRICK BUCKLEY

**DEFENDANTS:**
BEN W. HOOFNAGLE d/b/a PETLAND ORLANDO EAST and GEOFFREY M. HOOFNAGLE d/b/a PETLAND ORLANDO EAST

**(b)**  County of Residence of Plaintiff  ORANGE COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of Defendant  ORANGE COUNTY
(IN U.S. PLAINTIFF CASES)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

K.E. Pantas (0978124)
PANTAS LAW FIRM, P.A.
250 North Orange Avenue
Eleventh Floor
Orlando, Florida 32801
(407) 425-5775     (Fax) (407) 425-2778

Attorneys (If Known)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated *and* Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC 881 | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 820 Copyrights | and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefit | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | **LABOR** | | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | | ☐ 861 HIA (1395ff) | ☐ 891 Agriculture Acts |
| ☐ 190 Other Contract | Product Liability | Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of FeeDetermination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 DeathPenalty | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Other | | | |

## V. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 another district (specify)  *Transferred from*
- ☐ 6 Multidistrict Litigation
- ☐ 7 Magistrate Judgment  *Appeal to District Judge from*

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
29 U.S.C. Section 201

Brief description of cause:
FAIR LABOR STANDARDS ACT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY:

(See Instructions)  JUDGE _____  DOCKET NUMBER _____

DATE  5/1/07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____