# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES PATRICK BUCKLEY,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-752-Orl-22DAB**

**BEN W. HOOFNAGLE, d/b/a: Petland Orlando East; GEOFFREY M. HOOFNAGLE, d/b/a: Petland Orlando East; PETLAND ORLANDO EAST, INC.;**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 27)**
>
> **FILED:** June 2, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff moves for partial summary judgment as to some, but not all, of the elements Plaintiff must prove in order to prevail on his unpaid overtime compensation claim under the Fair Labor Standards Act ("the FLSA"). In adopting this piecemeal approach, Plaintiff asserts that he "hopes to eliminate the need for unnecessary judicial involvement by removing issues from this litigation." (Doc. No. 27 at footnote 12). As the record reflects that all of the "issues" Plaintiff seeks "judgment" on are either already admitted in the Answer (and thus, already "removed" as issues) or are in obvious

factual dispute (and thus, inappropriate for summary disposition), the motion has, instead, *created* unnecessary judicial involvement. For the reasons set forth herein, it is **respectfully recommended** that the motion be **denied.**

### *SUMMARY JUDGMENT STANDARD*

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp*., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value"). "Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59.

If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

## *ANALYSIS*

Plaintiff moves for partial summary judgment on the following issues: 1) an employment relationship existed between Plaintiff and Defendants; 2) Plaintiff was employed by an enterprise engaged in commerce; and 3) Defendants failed to pay Plaintiff the overtime required by FLSA.

Plaintiff has improperly and unnecessarily used the summary judgment procedure. A motion for summary *judgment*, is just that: a motion which purports to claim that because of the matters contained therein, a party is entitled to judgment. While motions for partial summary judgment are not uncommon and are useful in certain contexts (to establish entitlement to judgment on one of several claims, for example, or to establish liability, with the contested issue of damages left for trial), it is not necessary nor desirable to obtain a "judgment" to prove a stipulated fact. The first two "issues" illustrate the point.

*Existence of Employment Relationship*

Plaintiff presents four pages of argument (in addition to the page of "Undisputed Facts") to support its request that the Court "enter an Order granting partial summary judgment against the Defendants finding that there exists an employment relationship between Plaintiff and the Defendants for the purposes of the FLSA." This, despite the fact that, as Plaintiff points out in his motion, Defendants admitted in their Answer that Plaintiff worked for Petland from May 5, 2006 through February 5, 2007 (Doc. No. 23 at para. 4) and that the individual Defendants were the owners of Petland (*Id.* at 8). Indeed, as noted by Defendants in their response to the motion, "Defendants do not dispute that an employment relationship existed between Plaintiff and Defendants" (Doc. No. 28). The employment relationship, while an *element* of the FLSA claim, is, itself, not a claim and has never been contested in this case. Plaintiff's allegation was "proved" the moment Defendants

admitted it in their Answer.[1]  Partial summary judgment "against Defendants" on this non-issue is not warranted.

*Enterprise Engaged in Commerce*

Likewise, despite the fact that Defendant admitted in its Answer that Petland is engaged in commerce, Plaintiff presents over three full pages of argument in support of the contention, and seeks "judgment as a matter of law that the Plaintiff was engaged in commerce or was employed by an enterprise engaged in commerce." (Doc. No. 27 at 9).  As this undisputed matter is not a cause of action, "judgment as a matter of law" is inappropriate.  To the extent Plaintiff is asking the Court to recognize that Defendant has acknowledged this element of the claim (*see* Doc. No. 28 at 2), such is established without the Court's assistance.

*Failure to pay overtime*

Lastly, Plaintiff seeks judgment as a matter of law that Defendant failed to pay Plaintiff "the minimum wage or overtime as required by the FLSA."  Despite reference to the minimum wage, no such claim is presented in this suit.  As for the overtime claim, Plaintiff bears the burden of proving by a preponderance of the evidence: 1) the existence of an employment relationship; 2) that he was an employee engaged in commerce or employed by an "enterprise" engaged in commerce; 3) that Defendant failed to pay overtime compensation required by the FLSA; and 4) he is owed the amount claimed by a just and reasonable inference.  *See* 29 U.S.C. § 207(a).  Although the time records and verified summaries are before the Court, Plaintiff does not seek adjudication of the claim, but rather

---

[1] The Court also accepts facts presented as stipulations in the Final Pretrial Statement (*see* Local Rule 3.06), set forth in Admissions made pursuant to Requests to Admit under Rule 36, Federal Rules of Civil Procedure, or acknowledged jointly by the parties in other filings or at hearing.

moves for a liability-only finding, contending that he is entitled to judgment as Defendant did not calculate his overtime wage by including commissions, as required.

The parties agree that the regulations provide for determining a commissioned employee's regular rate of pay as follows:

> When the commission is paid … it is added to the employee's other earnings for that workweek … and the total is divided by the total number of hours worked in the workweek to obtain the employee's regular hourly rate for the particular workweek. The employee must then be paid extra compensation at one-half of that rate for each hour worked.

29 C.F.R. 778.118 (2006).

It is also undisputed that, in deposition, Defendant Ben Hoofnagle's testified that: "Commission is not included in overtime." (Hoofnagle Deposition at 74). Plaintiff seeks a ruling that the above admission is sufficient to establish liability, under the FLSA. The Court finds this admission is insufficient to establish liability, in view of the numerous contested issues regarding the hours Plaintiff actually worked and the commissions Plaintiff was actually paid. Defendant asserts that, in fact, Plaintiff has been overpaid.

Plaintiff admits that there are "off the clock and other issues that go to the amount of overtime owed" but contends that these issues "are not pertinent to this motion" (Doc. No. 27, n. 3). The Affidavit of Ben W. Hoofnagle and exhibits attached (Doc. No. 28 at 9) indicate that "Plaintiff was compensated in his paychecks for much more than his timecards show that he actually worked," referencing the time cards attached to the Verified Summary. Mr. Hoofnagle also states that Plaintiff did not properly follow the work schedules assigned to him, did not check in and out properly and was disciplined for not doing so, and that even during the hours that Plaintiff was clocked in, Plaintiff was disciplined for being absent from the store during hours he claimed to have been working. *Id.* There

is also evidence that Plaintiff was "ineligible" for certain alleged commissions, as a result of nonconformity to company policy regarding some of these unscheduled absences, *id.,* and evidence that Plaintiff "instruct[ed] new employees to ring up sales under his sales code, therefore it could not be determined which sales were his and which were those he stole from the new employees." *See* Verified Summary of Geoff Hoofnagle, President of Petland Orlando East, Inc. (Doc. No. 14 at 5). Finally, Defendant notes that "Plaintiff was never scheduled or authorized to work overtime hours," but was compensated during the few times he claimed to have done so, as evidenced by the paycheck details and the issuance of a further check paid to Plaintiff on August 3, 2006. *Id.*

It is important to note that Plaintiff is not disputing that he was paid time and a half for his overtime; his challenge is to the formulation of the overtime rate with respect to commissions. Even assuming (without deciding) that Defendants erred in not including commissions when determining the overtime rate, liability for unpaid overtime cannot be ascertained in a vacuum. In order to establish whether Defendants paid the appropriate overtime rate, you must first calculate the rate by making a *specific* finding as to 1) the amount of hours Plaintiff actually worked and 2) the amount of commissions Plaintiff actually earned. As both of those key elements are in dispute, a genuine issue of material fact exists which precludes the entry of summary judgment here.

## *CONCLUSION*

It is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 15, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

-7-

*David A. Baker*